UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIANDONG CHEN, | Case No. 5:26-cv-02892-MCS-CTS |
| Petitioner, | |
| v. | **ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF NO. 9)** |
| WARDEN OF THE ADELANTO ICE PROCESSING CENTER, et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (Pet., ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, ("R. & R.," ECF No. 9). No objections to the Report and Recommendation have been filed. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees in part with the Magistrate Judge.

The Magistrate Judge primarily recommends that Respondents be ordered "to release Petitioner from custody within 24 hours from the date of entry of any order accepting this Report and Recommendation." (R. & R. 15.) The Court agrees with the Magistrate Judge that an order of release is appropriate here based on the facts

1

and nature of the violation.

In addition to release from custody and relief attendant thereto, Petitioner prays for an order restraining Respondents from imposing any conditions of supervision "more restrictive than those previously in place" before his current detention, and from "transferring, re-arresting, or re-detaining Petitioner" absent certain process. (Pet., Prayer for Relief ¶¶ 5, 8–9.) The Magistrate Judge recommends entering the proposed relief "[i]n light of the uncontested allegations before the Court." (R. & R. 6, 15–16.) But the facts and law presented in the petition pertain to Petitioner's claims that Respondents wrongfully detained him; they have no bearing on Respondents' anticipated supervision or handling of Petitioner *after* his release from present custody. (*See* Pet. ¶¶ 28–49.) The Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner is released. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition").

The Magistrate Judge further recommends that Respondents be ordered "to file a Notice of Compliance, notifying the Court that Petitioner has been released, within three calendar days from the date of entry of any order accepting this Report and Recommendation." (R. & R. 16.) The Court does not perceive this requirement as

necessary given that Petitioner does not seek this relief in his petition. (*See* Pet., Prayer for Relief.)

IT IS THEREFORE ORDERED that

1.  The Petitioner is GRANTED.

2.  Respondents must release Petitioner (A# 245-130-044) from custody within 24 hours of entry of this Order.

3.  At the time of release, Respondents must return all of Petitioner's personal property, including his cellular phone and keys.

DATED: June 19, 2026

/S/
_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

CC: Adelanto Detention Center via Email

3